UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Criminal No. 10-20066
                                                        Honorable Julian Abele Cook, Jr.

WILLIAM WELLS,

        Defendant.

## ORDER

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which effectively reduced the crack-to-powder cocaine disparity from a 100:1 weight ratio to an 18:1 weight ratio. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). In addition, the Act raised the amount of crack cocaine necessary to trigger a five-year mandatory minimum sentence from five grams to 28 grams. *United States v. Edwards*, 432 F. App'x 558, 563 (6th Cir. 2011).

On February 1, 2011, the Defendant, William Wells, pled guilty to distributing 11.43 grams of crack cocaine, in violation of 21 U.S.C..§841 (b)(1)(A)(iii), in March 2009. On February 7, 2012, he - after proffering a proposed "Rule 11 Plea Agreement" (including a recommended sentencing guideline range of 51 to 63 months of imprisonment) to the Court - was placed in the custody of the Bureau of Prisons for a period of 63 months.[1]

---

[1] During the hearing, the Court opined that the Fair Sentencing Act did not apply retroactively to criminal offenses committed prior to August 3, 2010.

On June 21, 2012, the Supreme Court held in *Dorsey* that the Fair Sentencing Act applies retroactively to those defendants (1) whose criminal misconduct occurred prior to the enactment of this legislation, and (2) who were sentenced thereafter. 132 S.Ct. at 2331. It is with this background that Wells has now asked this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

II.

Every federal prisoner who challenges his sentence under 28 U.S.C. § 2255 must establish "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If such a violation is found to exist, a petitioner may ask the court to vacate, set aside, or correct the sentence. *Id.* A petitioner's burden in seeking such relief depends upon the type of error alleged. If he claims a harm due to a constitutional error, the aggrieved party must "establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). *On the other hand, if the alleged error is non-*constitutional, the petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (citation and internal quotation marks omitted). However, if a sentencing error "did not affect the district court's selection of the sentence imposed," it is considered to be "harmless" and re-sentencing should be denied. *See United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010).

III.

Wells contends that giving full effect to the Fair Sentencing Act requires this Court to lower his current sentence to 51 months which is the original minimum sentence that was suggested by him in the plea agreement. In its opposition, the Government submits that (1) the sentencing discrepancy was harmless, and (2) the 60-month mandatory minimum adopted by the Court did not affect the ultimate sentence. As the alleged error in this case is not a Constitutional issue, Wells must show "a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Watson*, 165 F.3d at 488.

Although the decision by the Court (namely, the challenged Act did not apply retroactively) was overruled by the Supreme Court in *Dorsey*, the discrepancy between the original 51-month minimum pursuant to the sentencing guidelines and the 60-month minimum adopted by the Court was a "harmless" error because it did not affect the selection of the sentence imposed by this Court. *McCarty*, 628 F.3d at 294. When determining Wells' sentence, this Court considered multiple factors (including his criminal history, extensive prior custodial time, prior abuse of addictive substances, and the potential danger to society upon his release from custody). (Sentencing Hr'g Tr. 22-25, Feb. 7, 2011). Considering each of these factors, the Court determined that a sentence greater than the suggested minimum was required. The Court finds persuasive the reasoning of those courts that have determined that resentencing was properly denied when a district court applied a minimum standard in error, but sentenced the defendant to an even greater sentence. *See, e.g.*, *United States v. Williams*, 2013 WL 49572, at *1 (5th Cir. Jan. 3, 2013); *United States v. Gist*, 488 F.App'x. 536 (2d Cir. 2012); *United States v. Adigun*, 703 F.3d 1014, 1023 (7th Cir. 2012). Even if the Fair Sentencing Act had been applied retroactively, this Court would have rendered the

same 63-month sentence to Wells because of his extensive criminal history.

Inasmuch as Wells' sentence was not substantively affected by the error in the sentencing range, his motion to vacate and correct the sentence is denied.

IT IS SO ORDERED.


Date: September 11, 2013                      s/Julian Abele Cook, Jr.
                                              JULIAN ABELE COOK, JR.
                                              U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 11, 2013.

                                              s/ Kay Doaks
                                              Case Manager